# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA Y. MONGE<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA N.A. a/k/a BAC HOME LOANS SERVICING, LP (FORMERLY COUNTRYWIDE HOME LOANS SERVICING LP); *GUILD MORTGAGE COMPANY*; RECONTRUST N.A; MERS: ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO AND *DOES 1 through 50 inclusive*<br><br>　　　　　　　　　　Defendants. | Civil No.　12cv3061 GPC (KSC)<br><br>**ORDER:**<br><br>**1) GRANTING PLAINTIFF IRMA Y. MONGE'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**2) DISMISSING COMPLAINT WITHOUT PREJUDICE** |

　　　On December 26, 2012, Plaintiff Irma Y. Monge, proceeding *pro se*, commenced this action against Defendant Bank of America N.A., and others.  Plaintiff also moves to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  For the following reasons, the Court **GRANTS** Plaintiff's motion to proceed IFP and *sua sponte* **DISMISSES** the complaint for failing to state a claim upon which relief can be granted.

**Discussion**

**I. Motion to Proceed *In Forma Pauperis***

Plaintiff moves to proceed IFP under 28 U.S.C. § 1915(a). Section 1915(a) allows a court to authorize a lawsuit's commencement without payment of the filing fee if the plaintiff submits an affidavit demonstrating his or her inability to pay the filing fee. 28 U.S.C. § 1915(a). Such affidavit must include a complete statement of the plaintiff's assets. Id. Here, Plaintiff has submitted an affidavit in support of her IFP motion indicating that she is currently unemployed and receives $500 per month from her sister. Plaintiff declares that she has no checking, savings, IRA, or money market accounts. Plaintiff declares she does not own a vehicle, real estate, stocks, bonds, securities, or other valuable property. Plaintiff declares she has no dependents nor any outstanding debts. Based on the information Plaintiff has provided, the Court concludes Plaintiff has sufficiently demonstrated she is unable to pay the filing fee. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed *in forma pauperis*.

**II. *Sua Sponte* Review**

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915 mandates that a court reviewing a complaint filed pursuant to the *in forma pauperis* provisions of section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedures, Rule 4(c)(2). Lopez, 203 F.3d at 1127.

Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court

1  to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be
2  dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory.
3  *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead
4  sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v.
5  Twombly, 550 U.S. 544, 545 (2007).

6      To meet the requirements of Rule 12(b)(6), "a complaint must contain sufficient factual matter,
7  accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct.
8  1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual
9  allegations permit "the court to draw the reasonable inference that the defendant is liable for the
10 misconduct alleged." Id. In other words, "the non-conclusory 'factual content,' and reasonable
11 inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."
12 Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

13     The current cause of action arises out of an executed Notice of Default and Election to Sell Under
14 Deed of Trust ("Election to Sell"). Plaintiff was the trustor, Guild Administration Corp. the trustee,
15 Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") the beneficiary. (Dkt. No. 1 at
16 1). Guild Administration Corp. exercised its power of sale due to Plaintiff having defaulted on her deed
17 of trust. (Id.) Plaintiff alleges that the Election to Sell as exercised violated the following federal
18 statutes: the Truth in Lending Act (TILA), the Real Estate Settlement Procedures Act (RESPA), the
19 Home Ownership and Equity Protection Act (HOEPA), and the Fair and Debt Collection Practices Act
20 (FDCPA). (Id. at 5-7). 15 U.S.C. § 1611; 12 U.S.C. § 2605; 15 U.S.C. § 1602; 15 U.S.C. 1692. As part
21 of her complaint, Plaintiff also alleges the following non-federal violations: breach of fiduciary duty,
22 breach of covenant of good faith and fair dealing, fraud, and violation of California Civil Code § 2923.6.
23 (Id. at 10-14). Plaintiff seeks injunctive and declaratory relief against the Election to Sell. (Id. at 10-11).

24     The Court concludes Plaintiffs' complaint fails to state claims upon which relief can be granted.
25 Although Plaintiff invokes federal statutes in her complaint, Plaintiff provides only legal conclusions
26 which regurgitate the elements of the legal claims at issue. As the complaint currently stands, it fails to
27 survive the Fed. R. Civ. P. 12(b)(6) test. In her TILA claim, Plaintiff alleges that the Defendants have
28 "acted in violation of the TILA act, willfully, maliciously, oppressively and fraudulently and in

conscious disregard for the rights of Plaintiff." (Id. at 6). Despite the allegations, nowhere in her complaint does Plaintiff state what acts the Defendants engaged in which violate TILA. In her RESPA claim, Plaintiff alleges that "Defendants and each of them, placed loans for the purpose of unlawfully increasing or otherwise obtaining yield spread fees and sums in excess of what would have been lawfully earned." (Id. at 6). Plaintiff again fails to present material facts which would support her legal conclusion. In her HOEPA claim, Plaintiff alleges that the Defendants intended to wrongfully foreclose and sell her property without providing any material facts other than a copy of a deed of trust on the property at issue and a copy of the notice of default and election to sell under deed of trust. (Id. Exh. A-B). In her FDCPA claim, Plaintiff alleges that she requested validation of her debt to the Defendants in accordance to 15 U.S.C. § 1692, and that Defendants failed to respond to her demands in such ways to meet the requirements of the act. However, the complaint fails to provide the Court with material facts supporting such a legal conclusion.

Thus, the Court concludes Plaintiffs' Complaint fails to state a claim upon which relief can be granted. Accordingly, Plaintiffs' Complaint must be **DISMISSED WITHOUT PREJUDICE**.

## Conclusion

For the reasons set forth above, the Court **GRANTS** Plaintiff's motion to proceed IFP and **DISMISSES** the Complaint without prejudice for failing to state a claim upon which relief can be granted. The Court **GRANTS** Plaintiff thirty (30) days from the date stamped on this order to file an amended complaint curing the deficiencies of pleading identified above.

DATED: January 11, 2013

*[signature]*
HON. GONZALO P. CURIEL
United States District Judge